[Crim. No. 1870.    First Appellate District, Division Two.—February 17, 1936.]

THE PEOPLE, Respondent, v. WALTER LAWYER, Appellant.

Walter Lawyer, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—Appeal from an order denying petition for a writ of error *coram nobis*. Appellant was tried and convicted on an information charging grand theft—stealing a cow. That judgment was affirmed. (*People* v. *Lawyer*, 1 Cal. App. (2d) 1 [35 Pac. (2d) 1036].) He made a motion to set aside the judgment, which was denied. That order was affirmed. (*People* v. *Lawyer*, 9 Cal. App. (2d) 69 [48 Pac. (2d) 722].)

■ On the appeal now before us his contention is that he was denied due process of law ''in so far as the cow was and is concerned'', the argument being that the trial court erred in admitting evidence of witnesses identifying the stolen cow, and in permitting the jury to view the cow, because it had been taken from his possession after his arrest, and without his consent. The authorities in the state uniformly hold that evidence obtained in that manner is nevertheless admissible; but the question is one of error at the most, which should have been raised at the trial when the evidence was introduced and then on the appeal from the judgment. Where the statutes provide such remedies to correct asserted errors, the writ of error *coram nobis* will not lie. (*People* v. *Mooney*, 178 Cal. 525, 529 [174 Pac. 325]; *People* v. *Reid*, 195 Cal. 249, 257 [232 Pac. 457, 36 A. L. R. 1435]; *People* v. *Superior Court*, 4 Cal. (2d) 136 [47 Pac. (2d) 724].)

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 16, 1936.