[Crim. No. 1863. Third Dist. May 26, 1944.]

THE PEOPLE, Respondent, v. W. M. LEWIS, Appellant.

W. M. Lewis, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal by the defendant from an order denying his application and motion to "vacate, annul, set aside and modify" the judgment of conviction previously entered by the court.

The record discloses that on June 1, 1936, an information was filed by the District Attorney of San Joaquin County, charging the defendant with the commission of the crime of burglary, a felony, and three prior convictions and imprisonments for crimes amounting to felonies. To all of these charges the defendant entered a plea of not guilty and not guilty by reason of insanity. The jury by its verdict found defendant guilty of burglary in the second degree and further found that he had suffered the three prior convictions and imprisonments as alleged. Upon the plea of not guilty by reason of insanity the jury likewise found against the defendant. A motion for a new trial was made but was denied. The court then decreed the defendant to be an habitual criminal and sentenced him to life imprisonment. On January 11, 1943, nearly six and one-half years after his conviction the defendant filed his motion to vacate and set aside the judgment previously entered, which motion was denied by the trial court. It is from the order denying such motion that he has appealed.

The original proceeding, although entitled a motion to vacate judgment, etc. is for all purposes and intent an application for the common law writ of *coram nobis*. Under the well established rules governing the issuance of such writ it is incumbent upon the defendant to establish by a preponderance of substantial and credible evidence that the error of which he complains was such that he was deprived of legal rights by extrinsic causes amounting to a deprivation of a trial on the merits. (*People* v. *Schwarz*, 201 Cal. 309 [267 P. 71]; *People* v. *Reid*, 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435]; *People* v. *Deutsch*, 16 Cal.App.2d 121 [60 P.2d 155].)

An examination of defendant's petition discloses (1) allegations of error in the offer of what he charges were known to the district attorney to have been improperly authenticated copies of prior convictions, and the admission thereof

in evidence, and (2) allegations of variance between the charges contained in the information and the proof and verdict of the jury as regards the prior conviction alleged to have been suffered in Imperial County. No charge is made that defendant did not suffer the prior convictions or that he was denied a trial on the merits.

He was represented by counsel at the time of trial and if any of the evidence produced by the prosecution was improper, timely objection to the admission thereof could have been made, or waived, at the pleasure of the defendant. (*People* v. *Lawyer*, 11 Cal.App.2d 718 [54 P.2d 747].)

In any event the matters so attacked constitute at best irregularities occurring in the course of the trial, and if improperly introduced were subject to additional remedial action by a motion for a new trial or by a direct appeal. (*People* v. *Reid, supra; People* v. *Mooney*, 178 Cal. 525 [174 P. 325].) However, no appeal was taken either from the order denying his motion for a new trial or from the judgment.

It is conceded by defendant that such irregularities ordinarily should be attacked on a direct appeal from the judgment but he argues that because of his confinement the time for appeal passed, and therefore as the statutory remedy was not available to him, recourse must be had to the common law.

In further explanation of his failure to so appeal, defendant alleges generally that in addition to having been kept under close confinement and observation after being received at Folsom Prison until the time for appeal had expired, he thereafter was committed to the Mendocino State Hospital, and it was not until he was returned to Folsom that he was able to take any steps to correct the alleged errors. Neither the date of his commitment to Mendocino or the circumstances surrounding such commitment, nor the date of his return to Folsom appear in his petition in substantiation of the inference that from the date of his original incarceration in Folsom to the filing of the petition such disabilities were continuous or of such a degree as to thereby preclude him from perfecting an appeal. Recourse to the record is of no avail to clarify this and other inferences and omissions in the petition for the reasons as stated by the trial judge and confirmed by the district attorney, that in all cases after a

lapse of five years all original records and evidence are destroyed by the county clerk.

A somewhat comparable situation is found in the case of *People* v. *Reid, supra,* where the court dismissed a contention similar to that advanced by the defendant herein, with the statement that such conclusion "is not sound. . . . To hold in such case that after the expiration of the statutory limit the common-law remedy could still be availed of would be to hold in effect that in case of conflict between the two the common law prevails over the statute . . . the existence of a statutory remedy . . . precludes a resort to the common law. . . ."

Apart from that fact, however, no showing whatever has been made, either before the trial court or before this court, that the judgment was predicated upon an assumed fact or a condition which did not, in truth, exist, and that the non-existence thereof would have prevented the rendition of the judgment had it been known.

The order is affirmed.

Adams, P. J., and Thompson, J., concurred.