Ex parte LEWIS.

Civil Action No. 5063.

District Court, N. D. California, N. D.

Feb. 20, 1945.

Petitioner in pro. per.

WELSH, District Judge.

Petitioner seeks a writ of habeas corpus. He was convicted by a jury in the Superior Court of the State of California, in and for the County of San Joaquin. He was there charged with the crime of burglary and having suffered three prior convictions amounting to felony. As defendant in said court, he entered pleas of not guilty and not guilty by reason of insanity. The jury found against him on all issues.

Said defendant made a motion for new trial, which was denied. He thereupon was sentenced to the State Prison at Folsom, wherein he claims he is now imprisoned unlawfully.

No appeal was taken from the judgment of conviction. Defendant did, however, make a motion in the Superior Court to vacate and set aside said judgment. Substantially the same points were urged in support thereof as are contained in the present petition.

The Trial Court heard the motion on or about the 24th day of July, 1943, took the same under submission, and made an order on the 3rd day of September, 1943, denying said motion.

An appeal was taken from said order on the 19th day of November, 1943, to the District Court of Appeal of the State of California, in and for the Third Appellate District. Said Court, in an opinion filed on the 26th day of May, 1944, affirmed the order of the Trial Court.

Said opinion, People v. Lewis, 64 Cal. App.2d 564, 149 P.2d 27, stated that defendant's motion was the equivalent of an application for a writ of coram nobis. It held that the alleged errors in the introduction of improperly authenticated copies of prior convictions were proper subjects for objection by defendant's counsel at the trial. It also held that the alleged variance between the charges contained in the information and the proof and verdict in regard to prior conviction in Imperial County, California, was a question properly reviewable on motion for new trial and appeal.

Said Court further held that defendant's claim that he was unable to have his appeal perfected by reason of his commitment to the Mendocino State Hospital as an alcoholic was not a matter with reference to which it could grant relief. It will thus be seen that petitioner has had his case regularly tried and reviewed in the courts of the State of California. No irregularities in connection therewith have been found by this Court in examining the records.

No questions are raised by petitioner herein which he has not had considered in the State Courts. As was said in Ex parte Berman, D.C., 14 F.Supp. 716, 718: "the federal courts are unauthorized to release state prisoners merely because of technical error in the trial of criminal cases in the State Courts." Petitioner's contentions, if true, would at most amount to technical errors. It is therefore held that he is not, on the showing made, entitled to the writ sought.

Furthermore, the petition on file herein makes no recitals with respect to whether the petitioner has made previous applications to the State Courts for a writ of habeas corpus. This Court has, however, caused examination to be made of the files of the courts which would have jurisdiction of such matters and finds no

such applications previously concluded or now pending.

The Supreme Court said in Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 343, 79 L.Ed. 791, 98 A.L.R. 406: "Orderly procedure, governed by principles we have repeatedly announced, requires that before this Court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the state may still remain open."

In 14 Cyc. of Federal Procedure, 2nd Ed., 49, Sec. 7160, the rule is stated that ordinarily state remedies must be first exhausted, so far as adequate, including application in the State Court for habeas corpus.

It therefore appears that petitioner's remedy, if any, is to apply for a writ of habeas corpus in the State Courts, instead of in this court.

It is ordered that the application for writ of habeas corpus be denied, and that the petition be, and the same is hereby, dismissed.