[Crim. No. 2388.   First Dist., Div. Two.   Dec. 27, 1945.]

THE PEOPLE, Respondent, v. GEORGE LEWIS, Appellant.

George Lewis in pro. per. for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and B. W. Hirschberg, Assistant District Attorney, for Respondent.

DOOLING, J.—The defendant is serving a life sentence in the state prison at Folsom, following his conviction of murder in 1919. An appeal was taken from the judgment which resulted in an affirmance on November 8, 1920, on motion of the attorney general, the order reciting "there being no brief on file and no appearance on behalf of appellant."

On June 26, 1945, the defendant filed in the superior court a motion to amend the record to set out the steps taken and the order of this court on the appeal, and a motion to vacate, annul and set aside the judgment. The motion to set aside was made on the grounds that the defendant was convicted on the uncorroborated testimony of two accomplices, and that defendant's attorney failed and neglected to file a brief or otherwise properly present his appeal, concealed these facts from defendant and assured him that: "Everything is coming along nicely," whereby defendant was prevented from securing other counsel and deprived of the right to a hearing of his appeal on the merits.

The defendants' motions were ordered denied on July 2, 1945, and from that order he takes this appeal.

It is conceded that the motion to vacate, annul and set aside the judgment is the equivalent of a petition for writ of error *coram nobis*. (*People* v. *Superior Court*, 28 Cal.App.2d 442 [82 P.2d 718].)

Ordinarily, where the remedy by appeal is adequate relief by *coram nobis* is not available. (*People* v. *Reid*, 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435]; *People* v. *Lewis*, 64 Cal.App.2d 564 [149 P.2d 27].) We need not decide whether, in a case where the right to present an appeal on the merits is lost through the negligence of counsel who fraudulently represents that he is proceeding with diligence, the defendant upon learning the true facts might by timely application obtain relief through this writ.

Defendant's affidavit recites the following: "That he, George Lewis, upon learning of the duplicity of said paid counsel after many months, and having discovered that there was in

fact, a certain limitation in point of time in which such case would, in the normal course of events, have been decided by the said District Court of Appeal, thereafter escaped from the care and custody of the said Sheriff of the City and County of San Francisco, State of California, and was not delivered into the care and custody of the Warden of the State Prison at Folsom to begin serving the aforesaid life sentence, until July 13, 1941.''

Assuming, without deciding, that defendant might be held to have proceeded with due diligence to ascertain his rights and present his motions to the court, if the date of his actual imprisonment in 1941 should be taken as a starting point, his delay of over 20 years in taking any legal steps between 1920 and 1941 must be taken into consideration. His only excuse for this long delay appears to be that during that time he was a fugitive.

The case falls within the rule that unjustifiable and unreasonable delay in applying for relief through the writ of error *coram nobis* is ground for its denial. (*People* v. *Lumbley*, 8 Cal.2d 752 [68 P.2d 854]; *People* v. *Harincar*, 49 Cal.App. 2d 594 [121 P.2d 751].)

The order appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.