[Crim. No. 2000.   Third Dist.   Sept. 25, 1947.]

In re ALFRED JOE DORSEY, for a Writ of *Coram Nobis*.

John L. Brannely for Appellant.

Fred N. Howser, Attorney General, and Benjamin Knight, Deputy Attorney General, for Respondent.

THOMPSON, J.—The petitioner has appealed from an order of the Superior Court of Stanislaus County discharging the writ of *coram nobis*.

On the hearing of the petition for a writ of *coram nobis*, the defendant appeared with counsel and evidence was adduced. The transcript of evidence of that hearing is before this court. It appears that the defendant was charged by an information filed in said court on September 20, 1945, with petit theft of two shirts stolen from the store of Montgomery Ward & Company in Modesto, and three prior convictions, two of which were felonies. On arraignment the defendant appeared with counsel and pleaded not guilty to the principal offense, but admitted conviction of the prior offenses charged. No demurrer was filed or motion made to set aside the information. The cause was tried with a jury which rendered a verdict of guilty as charged. The court determined that the defendant "is not an Habitual Criminal," but sentenced him, under section 666, subdivision 3, of the Penal Code, to imprisonment in the state prison at San Quentin for the term prescribed by law. No appeal from that judgment was taken. The petition for a writ of *coram nobis* was filed on October 4, 1946, and denied, after hearing, as previously stated. From that order this appeal was taken.

The petitioner contends that he was entitled to a reversal of the judgment of conviction for the reasons that: (1) The preliminary hearing was irregular, and he was committed without probable cause; (2) upon trial the prosecution failed to adequately prove the corpus delicti, to wit, that the two shirts alleged to have been stolen were taken by the defendant from the store and concealed under his coat; (3) after the evidence was closed and both parties rested, but before the jury was charged or the cause submitted, upon motion the prosecution was permitted to recall a witness for the purpose of correcting his testimony; (4) after the defendant had admitted his prior convictions upon his plea, but had taken

the witness stand at the trial in his own behalf, the district attorney was permitted to impeach his credibility by asking him, with respect to each alleged prior conviction, if he had not been so convicted; and (5) the verdict was improperly signed "Mrs. Virginia J. Wherry, Mrs. Jack Wherry, Foreman." No other grounds for granting the writ of *coram nobis* were assigned. No extrinsic, or other fraud, misrepresentation, duress or coercion were alleged, and none appeared at the hearing of the proceeding on *coram nobis*.

All of the foregoing assignments are in the nature of alleged errors of law or procedure, which were waived by failure to move to set aside the information under section 995 of the Penal Code, to move for a new trial or to appeal from the judgment of conviction. ■ The writ of *coram nobis* may not be used as a substitute for a motion for new trial or an appeal. (*People* v. *Hightower,* 75 Cal.App.2d 298 [170 P.2d 490]; *People* v. *Egan,* 73 Cal.App.2d 894, 900 [167 P.2d 766]; *People* v. *Lewis,* 64 Cal.App.2d 564 [149 P.2d 27]; *People* v. *McConnell,* 20 Cal.App.2d 196 [66 P.2d 720]; *People* v. *Lawyer,* 11 Cal.App.2d 718 [54 P.2d 747]; *People* v. *Calhoun,* 9 Cal.App.2d 97 [48 P.2d 754].)

It is said in *People* v. *Superior Court,* 28 Cal.App.2d 442 [82 P.2d 718], that the use of the writ of *coram nobis* in this state is limited to those cases in which the statutory right to appeal, or to move for a new trial, will afford no remedy. In *People* v. *Butterfield,* 37 Cal.App.2d 140 [99 P.2d 310], it is said that *coram nobis* lies when a defendant has been fraudulently coerced or persuaded to plead guilty, or is deprived of the right of trial by extrinsic fraud, deceit, duress, persuasion or misrepresentation, when no statutory remedy for the wrong exists, or when the statutory remedy is inadequate.

■ In the present case the alleged defective proceedings upon preliminary hearing were waived by failure to move, under section 995 of the Penal Code, to set aside the information. (*People* v. *Harris,* 219 Cal. 727 [28 P.2d 906]; *People* v. *Bawden,* 90 Cal. 195, 200 [27 P. 204]; *In re Heinze,* 116 Cal.App. 286 [2 P.2d 561]; *People* v. *Middleton,* 103 Cal.App. 135 [283 P. 976]; *In re Northcott,* 71 Cal.App. 281 [235 P. 458].) In the Harris case, *supra,* quoting with approval from the Northcott case, it is said:

" 'Said judgment (that of conviction) is not related to, nor is it dependent upon, the order of the committing magistrate holding the defendant to answer for trial, its foundation being

in the evidence adduced at the trial and the verdict of the jury, and not in the proceedings occurring before the committing magistrate.' "

Moreover, we find no error in the challenged proceedings of the trial. ▮ There was adequate evidence of the corpus delicti. An eyewitness testified that he saw the defendant take two shirts from the counter and conceal them under his coat as he fled from the store. ▮ The court did not err in reopening the case before it had been submitted to the jury to permit a witness to correct his previous testimony that he did not observe the defendant wearing a coat when he was first brought to the jail after his arrest. No objection was made at the trial by the defendant to that procedure. Another officer positively testified that the defendant was wearing a coat when he was arrested. Permission to reopen the case, at the request of the witness, to permit him to correct his testimony, was within the sound discretion of the trial judge. There was no abuse of discretion in that regard. (*People v. Berryman,* 6 Cal.2d 331, 338 [57 P.2d 136] ; 23 C.J.S. 465, § 1056b.) ▮ In spite of the fact that the defendant admitted upon his plea the prior convictions alleged in the information, the prosecution had a right to impeach his credibility by specifically asking him on cross-examination if he had not been so previously convicted of the felonies mentioned. There was no objection by the defendant at the trial to those impeachment questions. It is the established rule in California that when a defendant takes the stand in his own behalf, he waives the protection of section 1025 of the Penal Code precluding reference to alleged prior convictions, since he thereby places his credibility in issue, and he may be impeached, under section 2051 of the Code of Civil Procedure, by evidence that he has been formerly convicted of the felonies. (*People v. David,* 12 Cal.2d 639, 646 [86 P.2d 811] ; *People v. Silva,* 2 Cal.App.2d 616 [38 P.2d 481] ; *People v. Tinnin,* 136 Cal. App. 301, 319 [28 P.2d 951] ; *People v. Fontes,* 110 Cal.App. 141 [293 P. 835] ; *People v. Johnston,* 114 Cal.App. 241, 244 [299 P. 805].) ▮ The verdict was not invalid because it was signed by the foreman of the jury as ''Mrs. Jack Wherry.'' She also signed it as ''Mrs. Virginia J. Wherry.'' There is no question of the identity of the foreman of the jury which rendered the verdict.

The order made in the *coram nobis* proceeding, discharging the writ, is affirmed.

Adams, P. J., and Peek, J., concurred.