[Crim. No. 2479. First Dist., Div. One. Dec. 3, 1948.]

THE PEOPLE, Respondent, v. CUSTER M. COYLE, Appellant.

Custer M. Coyle, in pro per., for Appellant.

Fred N. Howser, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

BRAY, J.—In this action there are three matters before this court: (1) appeal from an order of the superior court denying a petition for writ of error *coram nobis*; (2) motion to augment the record; and (3) petition for personal appearance at hearing and for petitioner to "cross-examine" court reporter.

Before considering the other matters, we will first dispose of petitioner's request for an order requiring the warden at Folsom Prison (where defendant is confined) to

produce petitioner at the hearing in this court. This petition we denied for the reason that an abundant opportunity has been given petitioner to present in writing all matters he desired to present, and to argue the same fully. Petitioner has filed, and we have fully considered, four briefs and several motions, all of which motions include matters usually set forth in briefs. As against this mass of material, the attorney general has filed two brief memoranda. Petitioner has been given the opportunity of answering every contention of the attorney general, and has answered the same at considerable length. We declined to permit the attorney general to argue orally at the hearing, and we have denied petitioner's request to do so. We feel that all matters in question here have been fully covered and that oral argument by either party, or both parties, would add nothing of value for our consideration of the case. Moreover, we do not feel that the production of petitioner is "reasonably necessary in the interest of justice" nor "essential to the proper disposition of the case on appeal," the circumstances which the court in *Price* v. *Johnston,* 334 U.S. 266 [68 S.Ct. 1049, 92 L.Ed. 1356], held to be necessary before there would be an abuse of discretion in failing to order the production of a prisoner.

So far as giving petitioner the right to cross-examine the court reporter who reported the proceedings at the time petitioner was sentenced in the Marin County Superior Court in 1938, the matter which petitioner expects to elicit from such reporter is not germane to a proceeding on *coram nobis,* or to this appeal.

### Is the Writ of Error Coram Nobis Proper?

The use of *coram nobis* has been somewhat abused since the writ has come into use in California. In some instances the courts, instead of definitely determining whether it was applicable to the particular case, have assumed, without deciding, that it applied. We did it in *People* v. *Dale,* 79 Cal. App.2d 370 [179 P.2d 870]. However, the case at bar affords a good illustration of the necessity of limiting the application of the writ to the situations to which it is meant to apply. As will be pointed out, none of the points raised by petitioner, either in the court below or here, are properly cognizable on *coram nobis.* It is apparent that petitioner is attempting by way of *coram nobis* to have considered matters which could and should have been considered on original appeal from certain judgments.

In the early stages of the development of the common law, the writ of error *coram nobis* was devised because of the absence at that time of the right to move for a new trial and the right to appeal from a judgment. ■ There are many cases in California discussing the office of the writ, and all holding that it cannot be used to review matters which could be considered on appeal or on motion for new trial.

One of the latest reviews of the nature of the writ is in the concise statement contained in *People* v. *Tuthill,* 32 Cal.2d 819 [198 P.2d 505], where the court says (p. 821): "Defendant recognizes the following settled rule: 'The office of the writ of *coram nobis* is to bring the attention of the court to, and obtain relief from, errors of fact, such as . . . *a valid defense existing in the facts of the case, but which, without negligence on the part of the defendant,* was not made, either through duress or fraud or *excusable mistake*; these facts not appearing on the face of the record, and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned.' [Citing cases.] It is a general rule that the writ will not be granted for newly discovered evidence going to the merits of the issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial. [Citing cases.] And the writ does not lie to correct errors of law; it 'is not intended to authorize any court to review and revise its opinions.' [Citing cases.]"

Having in mind the nature of the writ, we will now proceed to examine the matters upon which petitioner bases his application for the writ. His court and prison history must be reviewed in this connection. On June 11, 1928, he was convicted in the San Francisco Superior Court of burglary in the second degree and sentenced to San Quentin. On January 9, 1931, in the same court, he was convicted of second degree burglary and again sentenced to San Quentin. He served a term of imprisonment on each conviction. On October 28, 1938, in the Superior Court of Marin County, he pleaded guilty to one count of second degree burglary and two counts of first degree burglary. At the same time he admitted the two prior convictions and that he served terms of imprisonment therefor in the state prison. He also admitted a prior conviction, on March 3, 1934, of burglary in the second degree and serving time therefor. (No other evidence of this conviction appears, and it is of no importance for the reason that such alleged prior was never used against him, even by

the Marin County court.) He was sentenced to Folsom on all three counts, the sentences to run concurrently. The court found that he was not an habitual criminal. Petitioner filed notice of appeal from this judgment but did not pursue the appeal. Petitioner admits that on these sentences he was confined at Folsom until 1942. On October 6, 1943, petitioner was convicted by a jury in the Superior Court of Alameda County of five counts of second degree burglary. The information charged defendant with the two San Francisco priors above mentioned and with a prior conviction of burglary in Marin County on or about the 4th day of November, 1938. It also charged that petitioner served terms therefor. The jury found the prior convictions true as charged. Petitioner was then sentenced to the state prison, the terms to run concurrently. The court adjudged petitioner an habitual criminal. From this judgment petitioner filed notice of appeal. After the record on appeal was filed in this court, petitioner failed to file his opening brief. On December 28, 1943, a notice was sent him by this court under rules .17a and 30 of the Rules on Appeal giving him 30 days to file his brief. Petitioner did not do so, did not reply to the notice, nor did he offer any excuse. Therefore, on February 2, 1944, the appeal was dismissed.

### MARIN COUNTY JUDGMENT

Petitioner contends that the adjudication by the Alameda County Superior Court that he is an habitual criminal is invalid because he contends that the Marin County judgment on which it is partially based, is void. He does not attack the two prior convictions in San Francisco, but claims that the Marin County judgment being void, there is no third conviction, without which one cannot be held an habitual criminal. His contentions as to the Marin County judgments will be considered seriatim.

■ First, he contends that on arraignment, the pleas of guilty to the three charges were not made by him personally, as required by section 1018 of the Penal Code, but by his attorney in his presence. The record is regular on its face and states that defendant pleaded guilty to all three counts. It is to attack this record that petitioner has asked that the record be augmented by the notes of the reporter, and that he be permitted to ''cross-examine'' her, as he claims her notes will show that while he personally pleaded guilty to the charges as a whole, when asked specifically as to each count his counsel pleaded for him. Assuming, but not deciding,

this to be the fact, and that it constituted prejudicial error,[1] it is a matter which should and could have been raised on the appeal which petitioner started but never completed. Therefore *coram nobis* will not lie.

Secondly, petitioner contends that as to the two counts of first degree burglary no evidence was introduced to show the degree; that the finding was based on a statement of the district attorney as to the time and place of the burglaries, which statement showed them to be merely of the second degree. Aside from the fact that at the same time petitioner was convicted of one count of second degree burglary, and that that conviction plus the two prior San Francisco convictions were sufficient to support the later judgment in Alameda County of habitual criminal, and that further, the degree of burglary in a former conviction is immaterial on the question of whether a defendant is an habitual criminal—these, again, were matters cognizable on appeal and not proper to be considered on *coram nobis*.

Thirdly, he contends that at the time of sentence he was not asked if he had any legal cause why sentence should not be pronounced. The record shows that he was so asked, but assuming that he was not, this, likewise, is a matter which could have been reviewed on appeal.

### ALAMEDA COUNTY JUDGMENT

In addition to contending that the Alameda County judgment of habitual criminal is void because of the claimed invalidity of the Marin County convictions (which claim we have heretofore shown to be erroneous) petitioner contends it is void in other particulars.

First: While petitioner at his arraignment in Marin County admitted the three prior convictions with which he was then charged, and the record so shows, the court expressly found that he was not an habitual criminal. Petitioner offered in the court below a transcript of the proceedings showing that the Marin County judge stated at the time of sentence that he would not sentence petitioner on the prior convictions and would "dismiss as to prior convictions." Petitioner now contends that because of this dismissal the Alameda County court could not consider any of these three prior convictions in determining whether he was an habitual criminal. However, any dismissal of charges of prior convictions, or refusal

---

[1] See *People* v. *McVicker,* 37 Cal.App.2d 470 [99 P.2d 1110], which upheld pleas of guilty by counsel in the presence of the defendant.

to consider them, by a court, does not wipe out such prior convictions or prevent them from being considered in connection with later convictions. ▮ Again, these were matters which, if they were improperly considered by the Alameda County court, could have been raised on appeal, and hence are not cognizable here. ▮ It should be pointed out that the charge of prior conviction in Marin County refers to a conviction of burglary on or about the 4th day of November, 1938. Actually, the convictions there were on October 28th. The jury found that the prior conviction as charged was true. If there be any error in this discrepancy in dates, a matter we are not passing on, it could have been raised on appeal, and cannot be raised in this proceeding.

Secondly: Petitioner contends the judgment is void because the same jury which tried him on the five counts of burglary also tried the question of the truth of the charges of prior conviction. He presents no authority for this claim, and, of course, there is none. If this procedure were erroneous (and it is not), it should have been attacked on appeal and cannot be raised here.

▮ Thirdly: Petitioner contends that as the verdicts were in the following language—"we find the charge of first previous conviction to be—true" (repeated as to each charge), the jury did not find that he had served a term of imprisonment therefor. However, in charging the prior convictions, the information not only charged the fact of those convictions, but also that petitioner served terms on each. Again, this question was one for consideration on appeal and not here. The same is true of his contention that the jury did not find that he served separate terms for the separate offenses.

### FAILURE TO APPEAL

▮ With reference to the fact that petitioner did not prosecute his appeal from the Alameda County judgment, petitioner tries to bring himself within the rule of *In re Byrnes,* 26 Cal.2d 824 [161 P.2d 376], and *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868], by contending that he was prevented by the prison authorities from perfecting his appeal. In the Byrnes case the court held that a prisoner who had properly noticed an appeal, but was unable to perfect it because a transcript of the proceedings was not furnished him or because the transcript was wrongfully taken from him by prison officials, might on habeas corpus obtain an order to the superior court to hear a motion to be relieved from

default in preparing the record. In the Slobodion case a motion to dismiss the appeal for failure of defendant to file notice of appeal in time was denied where the prisoner had prepared his notice of appeal and delivered it to the prison authorities in time for it to have been filed by mail, but the prison authorities negligently failed to forward it to the clerk. In both the Byrnes and Slobodion cases the prisoner had done everything he could do to perfect his appeal, and his failure to do so was through no fault of his, but the fault of the prison authorities.

While on an appeal from a judgment of the court below on an application for *coram nobis,* the question of relief from his default on the prior appeal cannot be considered, it is well to point out that petitioner has in nowise brought himself within the requirements of the Byrnes and Slobodion cases. ''It is well settled that a showing of diligence is prerequisite to the availability of relief by motion for *coram nobis.* [Citing cases.]

''One who applies for a writ of *coram nobis* upon a ground such as the one here presented must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief. . . . Furthermore, it must appear that the new matter averred is truly newly *discovered* by the defendant, not merely newly *disclosed.* (See *Taylor* v. *Alabama* (1948), *supra* [[335] U.S. [252] (68 S.Ct. 1415, 92 L.Ed. [1935])], Slip Sheet 721, p. 12 . . .).'' (*People* v. *Shorts,* 32 Cal.2d 502, 514 [197 P.2d 330].)

Petitioner filed his notice of appeal on October 15, 1943, and within the proper time. On November 13, 1943, he received the clerk's and reporter's transcripts at San Quentin where he was confined. He now claims that these were not complete as they did not contain the district attorney's argument to the judge or jury or the court's instructions. Under rule 33, Rules on Appeal, these matters are not required to be included unless the appellant requests the inclusion of the same. This petitioner did not do. He claims that about November 18, 1943, he took his case to the prison law library at San Quentin to have the clerk therein prepare the corrections in the transcripts and left them with the clerk; that on January 15, 1944, without notice, he was summarily transferred to Folsom Prison, and that his request to secure the

transcripts and other papers from the law library were "grudgingly ignored and refused"; that after writing the warden and other officials about the matter, he received by mail "only" the transcripts on February 25, 1944 (23 days after the appeal had been dismissed). He gives no reason for not replying to the notice of this court sent him on December 28, 1943, calling attention to the fact that his brief had not been filed and giving him 30 days in which to do so, nor for his failure to call the attention of the court to the fact that the transcript was being kept from him and to ask for further time. He does say that he erroneously petitioned the Supreme Courts of California and the United States for several writs of habeas corpus, and the latter court for writs of certiorari, intimating that he had mistakenly done so, instead of applying to this court for relief from default. However, his first application to any court was on August 8, 1944, approximately six months after he claims the transcripts were returned to him. He made no effort to apply for relief to this court, nor until last year to augment the transcript in the respects in which he claims it was deficient. Apparently, he studiously avoided applying for relief or endeavoring to continue his appeal. A list of the proceedings taken by him up to the time he filed this proceeding follows:

August 8, 1944, petition to Supreme Court of California for writ of habeas corpus, denied August 22, 1944.

Petition to Supreme Court of United States for writ of certiorari, denied November 13, 1944.

Petition to California Supreme Court for writ of habeas corpus, denied December 21, 1944.

Petition for writ of certiorari to United States Supreme Court, denied March 25, 1945.

Petition to California Supreme Court for writ of habeas corpus, denied June 12, 1945.

Petition for writ of habeas corpus to California Supreme Court, denied July 11, 1945.

Petition to United States District Court, Northern Division, for writ of habeas corpus, denied August 30, 1945.

Petition to United States Supreme Court for writ of habeas corpus, denied October 7, 1945.

Moreover, on December 12, 1945, defendant moved the superior court of Marin County to amend, correct, annul, vacate and set aside the Marin County judgment herein referred to. The motion was denied January 28, 1946. Peti-

tioner did not appeal, although an appeal would lie. (*In re Paiva,* 31 Cal.2d 503 [190 P.2d 604].)

### MOTION TO AUGMENT

This motion contains many matters which petitioner considered important on this appeal. Petitioner requested a transcript of the proceedings before the court below on his petition for *coram nobis.* On his affidavit *in forma pauperis* and under the authority of *In re Paiva, supra* (31 Cal.2d 503), we required the filing of this transcript. With the exception of four of the requested items, all have been filed in this court, either under court order or by the attorney general. These four are not important here, and as to them the motion will be denied. They are:

■ (1) The transcript of the reporter's notes at the time of pronouncing judgment in Alameda County. For the same reasons heretofore given in denying the request of petitioner to cross-examine the shorthand reporter who was present at the time of the sentence in Marin County, these notes are not material to this proceeding. If they show any irregularity in the proceedings, that irregularity can only be raised upon appeal.

(2) Exhibits 17 and 18 at petitioner's trial in Alameda County. These seem to have been lost. Petitioner has presented some of the data which he claims was included in these exhibits. They were submitted to the jury at the trial in Alameda County for the purpose of supporting the charge in the information that petitioner had been previously convicted and had served terms therefor, which charge petitioner had denied. They contained the judgments and commitments of prior convictions and notices and reports from San Quentin and Folsom showing that petitioner had served terms for each. If, as claimed by petitioner, there were matters in these exhibits that should not have been shown the jury, that fact could have been raised on the appeal. "The writ of *coram nobis* may not be used as a substitute for a motion for new trial or an appeal. [Citing cases.]" (*In re Dorsey,* 81 Cal. App.2d 584, 586 [184 P.2d 702].) ■ Errors, if any, in admission of evidence can be raised on appeal, and hence cannot be considered on *coram nobis.* (*People* v. *Lawyer,* 11 Cal.App.2d 718 [54 P.2d 747].)

■ (3) Exhibits at the Alameda County trial consisting of gloves, flashlight, hammer, etc. Just what purpose the production of these objects would serve does not appear.

However, if there is anything significant about them, it could have been brought out on appeal.

(4) Exhibit A in the *coram nobis* proceeding below and which apparently is a transcript of the proceedings at the time of sentence in Marin County. This, too, while it might have been material on appeal from the judgment and sentence, has no place in a *coram nobis* proceeding.

Petitioner, in an endeavor to avoid the effect of the cases which hold that *coram nobis* will not lie where the questions raised could have been considered on appeal, contends that the Alameda County court exceeded its jurisdiction in determining petitioner an habitual criminal. The grounds of this contention are the same as those hereinbefore set forth, except that additionally, petitioner contends that he was denied the right to be confronted with the witnesses against him. He apparently bases this contention upon the fact that proof of his prior convictions and imprisonment was by records instead of by word-of-mouth testimony. Section 969b of the Penal Code provides this method of proof. Petitioner attacks its constitutionality. However, the contentions made by him in this respect have been decided adversely to his theories in *People* v. *Purcell,* 22 Cal.App.2d 126 [70 P.2d 706], and *People* v. *Beatty,* 132 Cal.App. 376 [22 P.2d 757]. Hence, there is no merit to them. Moreover, the proper place to raise this question is on appeal.

None of the matters claimed by petitioner to invalidate the various judgments appear on the face of the judgment rolls. On collateral attack, therefore, the judgments must be held valid. (*McAllister* v. *Superior Court,* 28 Cal.App.2d 160 [82 P.2d 462].)

On the whole, this proceeding is an attempt to have this court consider matters which could have been considered collectively in the two appeals which petitioner started but did not continue, and the one appeal which he could have taken. This cannot be done on *coram nobis.*

The petition for personal appearance and an opportunity to cross-examine the court reporter, and the petition to augment, are denied. The order denying the petition for writ of error *coram nobis* is affirmed.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied December 18, 1948, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1948.