[Crim. No. 2728. First Dist., Div. One. Aug. 14, 1951.]

THE PEOPLE, Respondent, v. MILTON CHAPMAN, Appellant.

Brent M. Abel for Appellant.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

PETERS, P. J.—By this petition for a writ of error *coram nobis*, Chapman seeks to set aside his conviction, in 1932, of burglary, on the main ground that his plea of guilty to that offense was induced by the threats and coercion of certain named police officers. The petition was denied by the trial court and Chapman appeals.

Appellant was arrested in Santa Clara County on a charge of burglary on January 20, 1932. He was not arraigned until January 27, 1932, at which time he was, according to the record, "informed of his rights." The preliminary examination was had on February 1, 1932, at which time he was held to answer. He was then represented by Attorney E. R. Girvin. On February 5, 1932, appellant, still represented by Girvin, was arraigned, reading of the information was waived, and a copy was presented to appellant. He, thereupon, pleaded guilty to the offense charged and applied for probation. At the probation hearing (February 11, 1932) Girvin again represented appellant, two witnesses for appellant were heard, and the degree of the crime was fixed at second degree. Sentence was suspended for two years, and appellant was released

on probation on condition that he serve four months in the county jail. On October 7, 1932, a hearing was held on a charge that appellant had violated the terms of his probation. Girvin again represented appellant. After a hearing, the court found that appellant had violated the terms of his probation, and probation was revoked. Appellant then stated that he had no legal cause to show why judgment should not be pronounced. In one place in the record it shows that, in open court, appellant was asked why he committed the crime, to which he responded: "I have no idea why I did these things. What I know is that I never benefited; it was more from foolishness." Thus, in addition to his plea of guilty, he then admitted, in open court, that he had committed the offense charged. At the conclusion of the hearing, he was ordered imprisoned in the state prison for second degree burglary. He served his term, and was discharged on June 11, 1936.

In 1948 appellant was convicted of robbery and assault and of two charges of first degree burglary, and is now serving two consecutive terms on these convictions in Folsom. By reason of the 1932 conviction, his two present terms have been increased an additional five years each.

On September 14, 1950, appellant filed this petition for a writ of error *coram nobis*. The accompanying affidavit avers that when appellant was arrested in 1932 he was but 20 years of age, uneducated and unversed in criminal procedure; that he was, in fact, innocent of the charged offense in that the stolen property found in his possession had been purchased by him; that after his arrest he was beaten by Black, the chief of police, and by Police Officer Guerin; that because of these beatings and other forms of duress, including a threat to shoot him, he pleaded guilty. He also avers that, although he was represented by Girvin in the 1932 proceedings, Girvin was then, in fact, a narcotic addict and did not advise him of his constitutional rights.

The record shows that Black and Guerin are now dead, as are the trial judge and court reporter. Girvin filed an affidavit in which he denies that he ever was a narcotic addict, and in which he avers that he acted as appellant's attorney without compensation, and informed appellant of all of his constitutional rights, including his right to a jury trial.

In a supplemental affidavit appellant admits that he first became aware of his legal right to vacate the 1932 judgment of conviction after he had served his sentence on that charge,

which would mean that he has had such knowledge since 1936. He avers that he did not then raise the point because, having served his full sentence, that conviction was not detrimental to him, and did not become detrimental to him until after his subsequent conviction, at which time the prior conviction aggravated the sentence on the subsequent convictions.

 In the trial court some point was made of the charges contained in appellant's affidavit that Girvin did not properly represent him. Obviously, Girvin's affidavit created a conflict with those of appellant. That conflict was resolved against appellant by the trial court. Not only does Girvin aver that he informed appellant of all of his constitutional rights, including the right to a jury trial, but the record recites that appellant was informed of his rights. This conflict in the affidavits precludes this court from reweighing the evidence. (See cases collected 1 Cal.Jur. p. 680, § 23.)

 Appellant makes some point of the fact that the record shows that after his arrest he was not brought before a magistrate for one week which, of course, was a violation of the law. This, however, was an error of law. It should have been raised on a motion for a new trial or on an appeal, and cannot be corrected on a petition for a writ of error *coram nobis*. (*People* v. *Martinez*, 88 Cal.App.2d 767 [199 P.2d 375]; *People* v. *Coyle*, 88 Cal.App.2d 967 [200 P.2d 546].)

The only other point necessary to discuss is whether appellant should now be permitted to withdraw his guilty plea to the 1932 charge because of the averments in his affidavits, uncontradicted because the officers are dead, that such plea was induced by threats and duress.

 It needs no citation of authority to support the proposition that to compel a plea of guilty by threats, fraud or coercion is a denial of due process, and, in a proper case, if found to exist, would warrant the issuance of the writ of error *coram nobis*. But to be entitled to the writ, the application must be filed with due diligence. The following are a few typical cases where it was held that the application was not filed with due diligence:—*People* v. *Martinez*, 88 Cal.App.2d 767 [199 P.2d 375], where the period involved was eight years; *People* v. *Lumbley*, 8 Cal.2d 752 [68 P.2d 354], where the period was six years and eight months; *People* v. *Lewis*, 64 Cal.App.2d 564 [149 P.2d 27], where the period was six and one-half years; *People* v. *Vernon*, 9 Cal.App.2d 138 [49 P.2d 326], where the period was four and one-half

years; *People* v. *Harincar*, 49 Cal.App.2d 594 [121 P.2d 751], where the period was five years.

In the present case the application has been filed some 18 years after appellant pleaded guilty, and some 14 years after he admits that he knew of his claimed legal right to redress. The application was not filed until after the two police officers, charged by appellant with beating him, had died, and until after the trial judge and court reporter had also died. Under such circumstances, the application was filed much too late.

The factual and legal situation is somewhat analogous to that involved in *People* v. *Martinez*, 88 Cal.App.2d 767 [199 P.2d 375], where, as already pointed out, the writ was filed eight years after the degree of the crime had been fixed. The trial judge and prosecuting attorney had died during this period. The record, as in the instant case, showed that defendant was represented by counsel at all stages of the proceeding. When the degree of the crime was fixed (defendant had first pleaded not guilty to murder, then changed his plea to guilty) as first degree murder, with life imprisonment, he was asked if he had any legal cause why judgment should not be pronounced, and replied that he had none. The record in the instant case shows the same question and answer. Eight years later he filed the writ requesting that he be permitted to withdraw his plea of guilty to murder and substitute a plea of guilty to manslaughter. The grounds urged were that he thought he was pleading guilty to second degree murder, and had been so advised by his attorneys, that the evidence showed, at most, manslaughter, and that his lawyers failed to tell him that he had a right to testify on his own behalf. In affirming a denial of the writ this court stated (p. 773): "An application for a writ of error *coram nobis* should be made within a reasonable time. Diligence is required. A convicted person is not permitted to allow years to pass during which witnesses die, disappear or forget, and his own imagination grows and expands."

Of course, if appellant had not known of the facts upon which he relies for relief, mere lapse of time might not bar relief, if, in the exercise of due diligence, he could or should not have discovered the facts sooner. But here he knew the facts for 18 years, and even knew of his right to legal redress for 14 years. In such circumstances, the following quotation from *People* v. *Shorts*, 32 Cal.2d 502, 513 [197 P.2d 330], is applicable: "One who applies for a writ of *coram nobis*

upon a ground such as the one here presented must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.'' (See, also, *People* v. *Coyle,* 88 Cal.App.2d 967, 975 [200 P.2d 546].)

Appellant tries to explain his tardiness by pointing out that, although he has known of his legal right to redress since 1936, he did not then seek such redress because by that date he had fully served his term and the prior conviction only became important to him upon his subsequent convictions in 1948. Such explanation is legally insufficient. This court is duty-bound to protect the rights of the People as well as those of appellant. When a person claims a right to legal redress and admits that he has known of his claimed right for at least 14 years, but does nothing to enforce his rights during that period, and waits until everyone who can contradict him is dead, it must be held that he has not proceeded with due diligence, and is entitled to no relief.

Even if laches were not present, on the merits appellant is entitled to no relief. The only evidence of the claimed threats and duress is contained in the uncorroborated affidavits of the appellant. The trial court did not believe the charges made in these affidavits. This question of credibility was for the trial court. (*Berg* v. *Journeymen's P. & G. F. Union,* 5 Cal.App.2d 582 [42 P.2d 1091].) It is true that the affidavits were uncontradicted, but they could not be contradicted because the two police officers charged with the improper acts were dead. It is not the law that the trial court is required to believe uncontradicted evidence, at least where there is some reasonable grounds for disbelieving it. Here a three-times convicted felon, some 18 years after the events are alleged to have occurred, and after the persons charged with the improper acts are dead, asks us to hold that a trial court was not justified in disbelieving his uncorroborated charges. The above facts·warranted the trial court in finding that the averments made in the affidavit were not true. (*Olson* v. *Olson,* 4 Cal.2d 434 [49 P.2d 827].)

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.