[Crim. No. 2813.   First Dist., Div. One.   June 30, 1952.]

THE PEOPLE, Respondent, v. LESTER SPARKS, Appellant.

Lester Sparks, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Wallace G. Colthurst, Deputy Attorney General, for Respondent.

BRAY, J.—Appellant, with two others, was convicted in 1948 of certain counts of forgery. (Only one of the others appealed. See *People* v. *Robinson,* 102 Cal.App.2d 800 [228 P.2d 583].) On October 5, 1951, appellant, in propria persona, filed in the superior court in the original criminal proceeding a "Motion for the Records." This requested the court to order the clerk to deliver to appellant the clerk's and reporter's transcripts of the proceedings at the trial, thereby "enabling petitioner to prosecute his cause in a writ

of Error Coram Nobis.'' Accompanying this ''motion'' were a memorandum of points and authorities and the affidavit of appellant stating that he is confined in the California State Prison at Folsom, and has no funds with which to procure said transcripts. The court denied the motion. Appellant appeals.

No application for a writ of *coram nobis* was filed nor were any grounds presented to the trial court upon which appellant intended to base his application for the writ. On appeal he has set forth in his brief these grounds. It might be pointed out that all of them are matters as to which no reason is shown why they could not have been raised on appeal and hence coram nobis would not lie. (*People* v. *Coyle*, 88 Cal.App.2d 967 [200 P.2d 546].) Therefore, if the court had before it an application for *coram nobis* and had such application contained these grounds only, the court, in the exercise of its discretion, could have refused to order the delivery of the transcripts. (See *People* v. *Coyle, supra,* p. 977.)

On appeal in a criminal case the defendant is entitled to a reporter's transcript at state expense. (*People* v. *Smith,* 34 Cal.2d 449 [211 P.2d 561].) However, in our case the time for appeal from the judgment had long since expired. Appellant is not pursuing such appeal. Moreover, the trial court had no jurisdiction to entertain the motion for the reason that there was no proceeding pending before the court at the time. ''A motion is not an independent right or remedy . . . but implies the pendency of a suit between the parties and is confined to incidental matters in the progress of the cause. As the rule is sometimes expressed, a motion relates to some question collateral to the main object of the action and is connected with, and dependent on, the principal remedy.'' (60 C.J.S. p. 7, § 3.) Here the action of *People* v. *Sparks* et al., in which appellant purported to bring his motion, had long since been terminated. It has been held that ''a proceeding in the nature of a writ of *coram nobis* is properly regarded 'as a part of the proceedings in the case to which it refers.' . . .'' (*In re Paiva,* 31 Cal.2d 503, 509 [190 P.2d 604].) But this is not such a proceeding.

Appellant's theory is that he is entitled to the transcript because he is moving *in forma pauperis.* In a proper proceeding the determination of such a motion is in the discretion of the court. In addition to the lack of finances, the

moving party must show that he has "a substantial right to enforce or preserve . . ." (*Majors* v. *Superior Court,* 181 Cal. 270, 280 [184 P. 18, 6 A.L.R. 1274].) Even had this motion been made in a *coram nobis* proceeding, appellant would have to show such right. (*People* v. *Coyle, supra,* 88 Cal.App.2d 967.) Appellant has shown no such right. The trial court properly denied the application.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 24, 1952.