[Crim. No. 3770. First Dist., Div. Two. Feb. 21, 1961.]

THE PEOPLE, Respondent, v. ROBERT BURKS, Appellant.

George Olshausen and Selma Barnett for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Daniel A. Sharp, Deputy Attorneys General, for Respondent.

SHOEMAKER, J.—This is an appeal from an order denying the petition of Robert Burks for a writ of error *coram nobis* and motion for the reduction of sentence.

The appellant was indicted for first degree murder on July 17, 1958. Trial by jury began on January 5, 1959; during the trial appellant's counsel and the district attorney stipulated that the death of the victim resulted from a gunshot wound from a gun fired by the defendant. Upon submission the jury found him guilty of first degree murder. Thereafter appellant waived his right to jury consideration of the issue of the penalty which was then determined by the court and on January 22, 1959, the court sentenced him to the state prison for the term prescribed by law. No appeal was taken, and the appellant states his counsel did not inform him that he had a right to appeal.

The appellant's first contention is that the evidence was insufficient as a matter of law to show willful, deliberate and premeditated intent to kill required to sustain the finding of first degree murder. His argument is that the evidence actually showed he was engaged in defending himself. The evidence does not require a conclusion in accord with appellant's views, but more important, it is clear that this contention raises an issue of law which could have been dealt with on appeal. Hence the writ of error *coram nobis* cannot issue. (*People* v. *Martinez* (1948), 88 Cal.App.2d 767, 772 [199 P.2d 375].)

The appellant's next contention is that his counsel's failure to advise him of his right to appeal constituted deprivation of liberty without due process of law. It is difficult to accept this statement of appellant inasmuch as he was represented at all stages by capable counsel. However, even though we accept the proposition, it does not provide a ground for the issuance of the writ. (*People* v. *Gennaitte* (1954), 127 Cal. App.2d 544, 548 [274 P.2d 169].)

It has been repeatedly pointed out by our appellate courts that the writ of error *coram nobis* never issues to correct an error of law, nor to redress an irregularity occurring at the trial that could be corrected on motion for new trial or by appeal. It is issued to correct an error of fact, existing at the time of trial but unknown to the trial court through no fault of the petitioner, and which fact, had it been known, would have resulted in a different judgment, or would have prevented the rendition of the challenged judgment. (See *People* v. *Reid* (1924), 195 Cal. 249, 255 [232 P. 457, 36 A.L.R.

1435] ; *People* v. *Tuthill* (1948), 32 Cal.2d 819, 821 [198 P.2d 505] ; *People* v. *Martinez, supra,* at 771; *People* v. *Adamson* (1949), 34 Cal.2d 320, 326 [210 P.2d 13].)

The foregoing matters were presented in briefs which the appellant filed in propria persona. At the time for oral argument, counsel appeared on behalf of appellant and asked for time to review the case and make such argument as might be warranted. Time was granted and briefs have been filed, so we now consider the points thus presented.

Counsel points to that portion of appellant's application which carries the designation ''Motion for the Reduction of Sentence'' and contends that under such a pleading appellant can at this time and stage of the proceeding question the sufficiency of the evidence. Appellant cites us to Penal Code, section 1265, and contends that the provisions of this section imply that motions of this character lie even though no appeal has been taken. There is no merit in the argument, for section 1265 clearly provides the jurisdiction of the trial and appellate courts, after the issuance of the remittitur, to act with respect to subsequent proceedings in the case, and it confers on the appellate court that disposed of the appeal the jurisdiction to act with respect to motions to vacate the judgment should any be made thereafter. The jurisdictional basis is entirely lacking here since no appeal was taken, and we are unable by any construction that we may put on the language of said section to develop any implication that lends support to the present proceeding.

The appellant then passes to Penal Code, section 1181, which sets forth the circumstances under which the trial court may grant a new trial, and particularly subdivision 6 thereof wherein the power is given the trial court in the first instance and any appellate court to which the cause may be appealed, instead of ordering a new trial, to modify the verdict, finding or judgment as to the degree of crime. Again we find no support for appellant's proposition, for the scope of the relief under this statute is limited to the pendency of the appeal and the power of the court therein since its purpose is to obviate the necessity of a new trial when the insufficiency of the evidence only goes to the degree of the crime. (*People* v. *Odle* (1951), 37 Cal.2d 52, 56 [230 P.2d 345].)

It has been established that where such relief is possible because requested during proper proceedings, the statute is only permissive. (*People* v. *Hill* (1953), 116 Cal.App.2d 212, 216 [255 P.2d 54].)

 Further, the appellant's motion does not lie because motions are not independent rights or remedies, but imply a pendency of suits between the parties and are confined to matters collateral to the main objects of the actions. Although *coram nobis* is properly regarded as a part of the proceeding to which it refers, when it does not lie there is no basis for an allegedly connected motion. (*People* v. *Sparks* (1952), 112 Cal.App.2d 120, 121 [246 P.2d 64].) In view of our determination that *coram nobis* does not apply, there is no action to which this motion may adhere. The appellant does not contend that the present judgment is void or illegally entered, but merely asserts that it is erroneous, so that even were we to treat this motion as one to vacate, it fails to qualify because the points made could have been presented on an appeal from the judgment. (*People* v. *Zolotoff* (1941), 48 Cal. App.2d 360, 364 [119 P.2d 745].)

The arguments with reference to the alleged constitutional questions are ingenious but we are not convinced of their applicability. It is apparent that the appellant should have sought relief for the alleged insufficiency of the evidence through the historic remedial process provided, namely, appeal from the judgment.

Order affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied March 23, 1961, and appellant's petition for a hearing by the Supreme Court was denied April 19, 1961.