[No. G035809. Fourth Dist., Div. Three. Mar. 29, 2007.]

MARCELINO MORALES PANIAGUA, an Incompetent Person, etc., Plaintiff and Appellant, v. ORANGE COUNTY FIRE AUTHORITY et al., Defendants and Appellants.

## COUNSEL

Singleton & Associates, Terry Singleton and Horacio Barraza for Plaintiff and Appellant.

Haight Brown & Bonesteel, Kevin M. Osterberg and Stephen M. Caine for Defendant and Appellant Orange County Fire Authority.

Pollak, Vida & Fisher, Girard Fisher, Daniel P. Barer; Ferguson, Praet & Sherman and Peter J. Ferguson for Defendant and Appellant City of Westminster.

## OPINION

**RYLAARSDAM, J.**—Plaintiff Marcelino Morales Paniagua, appearing through his guardian ad litem Adela Paniagua, appeals from a judgment dismissing his action for personal injuries against defendants Orange County Fire Authority (OCFA) and City of Westminster (Westminster). The trial court entered the judgment after granting defendants' motions for judgment on the pleadings based on the statute of limitations. Although we do not completely concur with the trial court's analysis, we agree the action is untimely and affirm the judgment. Therefore, we do not deal with defendants' protective cross-appeals from an order denying their motions for summary judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Facts Underlying the Action*

On November 14, 1998, Brandon Lee Clark struck plaintiff with his fist. Officers from Westminster's police department arrived at the scene and detained plaintiff. When the officers requested medical assistance, paramedics from OCFA examined plaintiff. The police then drove plaintiff to his residence and spoke with his family. After the police left, plaintiff went to sleep and fell into a coma from which he has never awakened.

2. *The Suit Against Clark*

On May 6, 1999, a complaint was filed for plaintiff, in his individual capacity, against Clark. It alleged causes of action for assault and battery, negligence, plus intentional and negligent infliction of emotional distress. Defendants were neither named in the complaint nor served as fictitiously named defendants. On July 31, 2000, a signed minute order was entered stating, "At request of [p]laintiff, case is dismissed without prejudice."

### 3. *The Filing of Claims Against These Defendants*

On November 15, 1999, plaintiff's attorney filed an application for leave to present late a claim along with a notice of claim for personal injuries with Westminster. On November 17, counsel filed a similar application and claim with OCFA. Each entity sent plaintiff a rejection of his applications, but neither denied his claim.

On March 15, 2000, plaintiff filed a petition under Government Code section 946.6 for relief from the claim filing requirement. (All further statutory references are to this code unless otherwise indicated.) Asserting he "has been in a coma since the date of the incident giving rise to his claim," plaintiff relied on section 946.6, subdivision (c)(3), which allows a court to grant relief if "[t]he person who sustained the alleged injury . . . was . . . mentally incapacitated . . . and by reason of that disability failed to present a claim during that time." The court denied the petition holding that "the evidence . . . is not sufficient to prove the incapacity of plaintiff" or "show any causal connection between any alleged incapacity and the failure to file a claim."

A petition for a writ of mandate and request for an immediate stay was filed with this court challenging the denial of his petition. On July 7, we denied the petition in a two-sentence order on the ground the order was appealable. On the same day, the trial court appointed a personal representative for plaintiff.

### 4. *The Prior Appeal in This Court*

On July 24, plaintiff's counsel filed a notice of appeal from the order denying his petition for relief from the claim filing requirement. In June 2002, we issued an opinion affirming the order. (*Paniagua v. City of Huntington Beach* (June 28, 2002, G027681) [nonpub. opn.].) Although concluding the trial court reached the correct result, we disagreed with its rationale for denying the petition. "[I]f plaintiff's [mental incapacity] contentions are true, the application[s] w[ere] timely," and he "should proceed to file a motion to amend his complaint and allege the filing of the claim[s], the filing of the application[s], and the facts supporting the tolling of the one-year statute. Presumably, if the [public] entities dispute the truth of these facts, they will deny them . . . and a fact finder will ultimately decide whether the application[s] w[ere] filed on time." (*Ibid.*)

Noting that "the petition was superfluous" and "the trial court should have denied it on that basis," our opinion stated, "plaintiff is not precluded from filing a motion to amend the complaint and asserting the facts supporting the

tolling of the time period"; "[n]or are defendants precluded from contesting those asserted facts." (*Paniagua v. City of Huntington Beach, supra*, G027681.) However, when we issued that opinion, there was no longer any action pending. Plaintiff had not notified us that he had voluntarily dismissed his action against Clark. Nor did we note that defendants here were never named as parties in the dismissed action. Our remittitur issued September 11, 2002.

## 5. *Subsequent Proceedings in the Trial Court*

On October 11, 2002, plaintiff sought leave to file an amended complaint in the previously dismissed action against Clark. The trial court took the motion off calendar because of the dismissal. Rather than filing a new lawsuit, plaintiff filed a motion to set aside the dismissal of his prior action, which the court granted in January 2003.

On February 13 plaintiff moved for leave to file an amended complaint that restored Clark as a defendant and added OCFA and Westminster as defendants. (Plaintiff failed to supply us with a copy of the amended complaint but this fact appears to be undisputed.) After the trial court granted plaintiff's motion, OCFA and Westminster each moved for judgment on the pleadings, arguing the action was time-barred. The trial court granted these motions.

## DISCUSSION

We agree with plaintiff that the pendency of the prior appeal tolled the running of the statute of limitations on his public entity claims. Nevertheless we affirm because, disregarding the period during which the appeal was pending, plaintiff still exceeded the time required to satisfy the statute of limitations. Although the trial court based its decision on other grounds, we review the result, not its rationale. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776 [84 Cal.Rptr.2d 276].) Regardless of the reasons given for its decision, the trial court reached the correct result.

Section 945.6 governs the timely filing of an action against a public entity. With certain exceptions not relevant here, it declares, "any suit brought against a public entity on a cause of action for which a claim is required to be presented . . . must be commenced: [¶] (1) If written notice [denying a claim] is given . . . , not later than six months after the date such notice is personally delivered or deposited in the mail. [¶] (2) If written notice is not given . . . , within two years from the accrual of the cause of action." (§ 945.6, subd. (a).)

Defendants argue the six-month limitation period applies because they sent plaintiff rejection notices. Not so. Their notices rejected only

plaintiff's applications to present a late claim. Neither rejection mentioned the claim presented along with the application. Where a public entity rejects an application to present a late claim without mentioning the claim, the case is governed by the two-year provision. (*Mandjik v. Eden Township Hospital Dist.* (1992) 4 Cal.App.4th 1488, 1500 [6 Cal.Rptr.2d 582]; *Jenkins v. County of Contra Costa* (1985) 167 Cal.App.3d 152, 156 [213 Cal.Rptr. 126].) Thus, the applicable time period for plaintiff's action was "two years from the accrual of the cause of action." (§ 945.6, subd. (a)(2).)

■ "For the purpose of computing the time limits prescribed by Section[] . . . 945.6, the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon." (§ 901.) "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' [Citations.]" (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806–807 [27 Cal.Rptr.3d 661, 110 P.3d 914].) In this case, that occurred on November 14, 1998, the date of plaintiff's injury.

■ Plaintiff argues his not having a judicially appointed personal representative before July 7, 2000, tolled the statute. We disagree. While a plaintiff's mental incapacity generally tolls the running of the statute of limitations (Code Civ. Proc., § 352, subd. (a); see *Feeley v. Southern Pacific Transportation Co.* (1991) 234 Cal.App.3d 949, 951–952 [285 Cal.Rptr. 666]), the statute expressly exempts an action against a public entity on which a claim must be filed. (Code Civ. Proc., § 352, subd. (b).) Thus, the absence of a personal representative does not alter our analysis.

Because plaintiff's cause of action against defendants accrued on November 14, 1998, his time to file suit against them normally would have expired on November 14, 2000. We agree with plaintiff that his appeal from the order denying his application for relief from the claim filing requirement tolled the statute of limitations. Although no case has directly held Code of Civil Procedure section 916 constitutes a statutory prohibition that delays the running of a statute of limitations pursuant to Code of Civil Procedure section 356, cases have recognized "an analogous doctrine to suspend the running of the statute when pending proceedings prevent an effective suit." (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 658, p. 841; see *Hoover v. Galbraith* (1972) 7 Cal.3d 519, 526 [102 Cal.Rptr. 733, 498 P.2d 981].)

Citing our prior opinion stating that he "is not precluded from filing a motion to amend the complaint and asserting the facts supporting the tolling

of the time period" (*Paniagua v. City of Huntington Beach, supra,* G027681), plaintiff argues his motion to amend filed October 11, 2002, timely commenced his action against defendants. But unbeknownst to this court, plaintiff had dismissed his lawsuit against Clark during the pendency of the prior appeal.

That dismissal had consequences. "A plaintiff's voluntary dismissal of his action has the effect of an absolute withdrawal of his claim and leaves the defendant as though he had never been a party. [Citations.] When [as in this case] an action is wilfully dismissed by the plaintiff against . . . a sole defendant it is as though no action had ever been filed." (*Cook v. Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 761 [157 P.2d 868].) "[I]t is a well-settled proposition of law that where the plaintiff has filed a voluntary dismissal of an action . . . , the court is without jurisdiction to act further [citations], and any subsequent orders of the court are simply void. [Citation.]" (*Gherman v. Colburn* (1971) 18 Cal.App.3d 1046, 1050 [96 Cal.Rptr. 424].)

Plaintiff could not overcome the effect of his voluntary dismissal by merely filing a motion for leave to amend the complaint. A motion is "[a]n application for an order" (Code Civ. Proc., § 1003) that, with certain exceptions not relevant here, "must be made in the court in which the action is pending" (Code Civ. Proc., § 1004). "As courts have explained, '[a] motion is not an independent right or remedy; it is confined to incidental matters in the progress of a cause. A motion relates to some question that is collateral to the main object of the action and is connected with and dependent upon the principal remedy.' [Citations.] A 'motion' therefore implies the 'pendency of [a] suit[] between the parties,' [citation] and is ancillary to an ongoing action or proceeding. [Citations.]" (*Hospital Systems, Inc. v. Office of Statewide Health etc. Development* (1994) 25 Cal.App.4th 1686, 1691 [30 Cal.Rptr.2d 922].) Plaintiff's unsuccessful attempt to amend the complaint in a nonexisting suit, without trying to restore the action by moving to set aside his prior dismissal, was a nonevent that did not toll the statute. As an alternative course, plaintiff could have filed a new action against the public entities. He failed to do so.

From November 14, 1998, the date plaintiff's causes of action accrued, until July 24, 2000, the date he filed his notice of appeal, 20 months and 9 days passed. From September 12, 2002, the day after we issued our remittitur returning jurisdiction of the case to the superior court, plaintiff had slightly less than four months to file suit. But it was not until February 13, 2003, five months after the remittitur, that plaintiff named Westminster and OCFA as defendants and alleged his causes of action against them. By then, the combined period of time from accrual of the causes of action to the filing

of suit, 25 months and 11 days, exceeded the two-year statute of limitations imposed by section 945.6, subdivision (a)(2).

Thus, the trial court properly found plaintiff's causes of action against these defendants were untimely.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Sills, P. J., and O'Leary, J., concurred.