Filed 6/10/22  J.F. v. Office of Administrative Hearings CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| J.F., a Minor, etc.,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>OFFICE OF ADMINISTRATIVE HEARINGS,<br><br>     Defendant and Respondent;<br><br>DEPARTMENT OF DEVELOPMENTAL SERVICES et al.,<br><br>     Real Parties in Interest and Respondents. | F080544<br><br>(Super. Ct. No. BCV-19-100524)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Eric Bradshaw, Judge.

Weissburg Law Firm, Diane B. Weissburg and Jerry A. Weissburg for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Xavier Becerra, Attorney General, Cheryl Feiner, Assistant Attorney General, Jennifer M. Kim, Gregory D. Brown and Benjamin G. Diehl, Deputy Attorneys General, for Real Party in Interest and Respondent Department of Developmental Services.

Herr Pedersen & Berglund, Leonard C. Herr and Ron Statler for Real Party in Interest and Respondent Kern Regional Center.

-ooOoo-

Appellant J.F., a minor acting through his guardian, challenges the superior court's denial of his petition for writ of mandate directing an administrative law judge to award appellant attorney fees and costs pursuant to Code of Civil Procedure section 1021.5 (section 1021.5). The fees and costs were incurred in a successful administrative proceeding against defendant Kern Regional Center (Regional Center).

Section 1021.5 provides that "a court may" award attorney fees and costs to a successful party "in any action" that resulted in the enforcement of an important right and conferred a significant benefit on the general public or a large class of persons. Here, we consider whether an administrative law judge qualifies as "a court" and whether the administrative proceeding was an "action" for purposes of section 1021.5. California Supreme Court precedent leads us to conclude that the administrative law judge is not "a court" and the administrative proceeding was not an "action" or part of an "action." (*Consumers Lobby Against Monopolies v. Pub. Utilities. Com.* (1979) 25 Cal.3d 891, 911 (*Consumers Lobby*), disapproved on other grounds by *Kowis v. Howard* (1992) 3 Cal.4th 888, 896–897.) Consequently, the attorney fees and costs appellant incurred in the administrative proceeding cannot be recovered under section 1021.5.

We therefore affirm the judgment.

**BACKGROUND**

Appellant is eligible for services under the Lanterman Developmental Disabilities Services Act (Lanterman Act; Welf. & Inst. Code, § 4500 et seq.) due to his cerebral palsy and autism spectrum disorder. In 2018, he was six years old. Appellant's March 2018 individual program plan provided that he would receive after school programming, Monday through Friday, from Valley Achievement Center (VAC). Appellant's parents

2.

paid for daycare service for appellant when school was not in session and they must work, and Regional Center funded a one-to-one aid at daycare.

In the summer of 2018, appellant's mother became concerned that, as he got bigger, VAC was having difficulty meeting his needs. She requested Regional Center to approve extended socialization hours with Special Explorers Center through a purchase of services or, alternatively, deny her request by issuing a notice of proposed action so she could request a fair hearing under the Lanterman Act.

*Administrative Proceeding*

Regional Center failed to provide a notice of proposed action. Nonetheless, appellant successfully requested a fair hearing. The matter was heard by an administrative law judge of the Office of Administrative Hearings (OAH) in October and November 2018. Appellant was represented by counsel throughout the proceedings. The issue presented to the administrative law judge was whether Regional Center was required to fund appellant's socialization skills program at Special Explorers Center during extended after school hours and school vacation days.

In December 2018, the administrative law judge issued a 13-page decision that granted appellant's appeal and ordered Regional Center to provide funding for appellant's expanded socialization skills program at Special Explorers Center from 7:30 a.m. until 5:30 p.m., when school was not in session and his parents were scheduled to work. The decision stated that "[a]ttorney fees are not ordered" and did not otherwise discuss the issue of fees.

*Judicial Proceeding*

On February 26, 2019, appellant filed a petition for writ of mandate requesting the issuance of writ directing Regional Center to pay her attorney $86,500 in attorney fees and $2,956 in costs incurred in representing appellant in the administrative proceedings. The request for attorney fees and costs incurred in the administrative proceeding was based on section 1021.5.

A hearing on the merits of the petition was held in December 2019. A few days after the hearing, the superior court issued a minute order setting forth its ruling on the parties' various evidentiary objections and its decision to deny the petition for writ of mandate. In January 2020, the court entered a judgment on the petition for writ of mandate stating the writ was denied and judgment was entered in favor of the respondent and real parties in interest on all causes of action. Appellant filed a timely appeal.

## DISCUSSION

### I. STANDARD OF REVIEW

The abuse of discretion standard of review normally is applied to a superior court's ruling on a motion for attorney fees under section 1021.5. (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213.) De novo review, however, " ' "is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law." ' " (*Ibid.*; see *Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190 [interpretation of a statute presents a question of law subject to de novo review on appeal]; *McGuigan v. City of San Diego* (2010) 183 Cal.App.4th 610, 623 ["Where the material facts are undisputed, and the question is how to apply statutory language to a given factual and procedural context, the reviewing court applies a de novo standard of review to the legal determinations made by the trial court"].)

### II. APPLICATION OF SECTION 1021.5 TO ADMINISTRATIVE PROCEEDINGS

#### A. Overview of Section 1021.5

Section 1021.5 codifies California's version of the private attorney general doctrine, which is an exception to the usual rule that the parties to a lawsuit bear their own attorney fees. (*Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142, 1147.) "[T]he private attorney general doctrine 'rests upon the recognition that privately initiated lawsuits are often essential to the effectuation of the fundamental

4.

public policies embodied in constitutional or statutory provisions, and that, without some mechanism authorizing the award of attorney fees, private actions to enforce such important public policies will as a practical matter frequently be infeasible.'  Thus, the fundamental objective of the doctrine is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1289.)

Section 1021.5 provides in relevant part:

> "Upon motion, *a court may* award attorneys' fees to a successful party against one or more opposing parties *in any action* which has resulted in the enforcement of an important right affecting the public interest if:  (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."  (Italics added.)

B.      Issues of Statutory Interpretation

Phrased in broad terms, the threshold issue of statutory interpretation presented in this appeal is whether section 1021.5 authorizes an administrative law judge to award attorney fees and costs incurred in an administrative proceeding.  The principles applied when interpreting California statutes are well established.  (*People v. Castillolopez* (2016) 63 Cal.4th 322, 329.)  A court's "'role in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law.'"  (*Ibid.*)  Courts "'look first at the words themselves, giving them their usual and ordinary meaning'" because statutory language generally is the most reliable indicator of that intent.  (*Ibid.*)  When the statutory language is clear and unambiguous, there usually is no need for further construction and courts adopt the plain (i.e., literal) meaning of that language. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)

Here the words of section 1021.5 that bear directly on the issue before us are the phrases "a court may" and "in any action." As a result, the issue of statutory interpretation may be stated more specifically as whether an administrative law judge from the Office of Administrative Hearings is a "court" and whether an administrative proceeding is an "action."

Our Supreme Court has addressed the meaning and application of the term "a court" and "in any action" in the context of an administrative proceeding. (*Consumers Lobby, supra,* 25 Cal.3d 891, 911.) The court stated that section 1021.5 "only authorizes 'a court' to award attorney fees 'in any action.' By no stretch of definition is the [Public Utilities C]ommission a 'court' when acting in this context, nor is a ratemaking proceeding an 'action' within the meaning of the statute. We must assume, rather, that *if the Legislature had intended section 1021.5 to apply to administrative agencies in any of their functions*, it would have plainly said so. Because there is no such language in the statute, we conclude that section 1021.5 does not authorize the commission to award attorney fees in ratemaking proceedings." (*Consumers Lobby*, *supra*, at p. 910, italics added; see generally, *Serrano v. Unruh* (1982) 32 Cal.3d 621, 636–640 ["action" under § 1021.5 includes portion of litigation necessary to establish and defend the fee claim] (*Serrano IV*).)

In *Hospital Systems, Inc. v. Office of Statewide Health etc. Development* (1994) 25 Cal.App.4th 1686 (*Hospital Systems*), the Third District applied the statutory interpretation adopted in *Consumers Lobby* to a complaint filed "in superior court seeking more than $43,000 for attorney fees incurred in two administrative proceeding." (*Hospital Systems, supra,* at p. 1689.) The Third District upheld the superior court's grant of judgment on the pleadings, stating:

> "The language of section 1021.5 is clear: a party may claim attorney fees under section 1021.5 only upon motion in conjunction with ongoing court litigation. Any statutory changes must be made by the Legislature, not this court. [¶] In sum, because plaintiff resolved its claim at the administrative

6.

level and did not have to resort to litigation for vindication, it was not entitled to fees under section 1021.5." (*Id.* at pp. 1695–1696.)

A treatise on California attorney fees interprets *Consumers Lobby* and *Hospital Systems* to mean that section 1021.5 "does not authorize fees for administrative proceedings." (Pearl, *California Attorney Fee Awards* (Cont.Ed.Bar 3d ed. 2021) §13.2, p. 13-2.) "Note, however, that fees may sometimes be awarded under §1021.5 for administrative proceedings that precede litigation (see §13.16) or that are intertwined with litigation (see §13.19)." (Pearl, *California Attorney Fee Awards*, *supra*, §13.2, p. 13-3.)

In *Beach Colony II v. California Coastal Com.* (1985) 166 Cal.App.3d 106, the Fourth District addressed the meaning of section 1021.5's phrase "in any action" and stated: "The Supreme Court in *Serrano IV* defines judicial remedy as one ' "administered by the courts of justice, or by judicial officers empowered for that purpose ...." ' [Citation.] Thus, the holding of *Serrano IV* is that an administrative agency may not award a successful petitioner attorneys fees under a private attorney general theory for prevailing in *nonjudicial* (i.e., legislative) proceedings." (*Beach Colony II, supra,* at pp. 115-116.)

The parties' appellate briefs did not address the foregoing cases or the meaning of "court" or "action." Consequently, this court requested supplemental briefing. (Gov. Code, § 68081.)

Appellant's letter brief relied on *Edna Valley Watch v. County of San Luis Obispo* (2011) 197 Cal.App.4th 1312 (*Edna*) and *Best v. California Apprenticeship Council* (1987) 193 Cal.App.3d 1448 (*Best*).

In *Edna*, the plaintiffs filed a petition for writ of mandate directing the county to rescind its approval of a church complex on land adjacent to the home of one of the plaintiffs. (*Edna*, *supra*, 197 Cal.App.4th at pp. 1315–1316.) The petition alleged the county failed to comply with the California Environmental Quality Act (CEQA; Pub.

7.

Resources Code, § 21000 et seq.). (*Edna*, *supra,* at p. 1316.)  Six days after the petition was filed, counsel for the church wrote to plaintiffs' attorney and stated the church was abandoning the approval and would return to the permitting process.  When plaintiffs refused to dismiss the writ petition, counsel for the church wrote again, stating the church would not reenter the approval process and the project was dead.  Plaintiffs subsequently filed a motion in the superior court requesting attorney fees pursuant to section 1021.5. The fees requested included over $19,000 for the plaintiffs' administrative appeal to the county's board of supervisors.  The administrative appeal challenged the planning commission's decision to issue a conditional use permit to the church.  (*Edna*, at p. 1316.)

The superior court determined the writ petition was the catalyst for the ultimate withdrawal of the project application and the plaintiffs were not entitled to an award of fees incurred in the administrative proceedings, citing *Best, supra,* 193 Cal.App.3d at pages 1457–1458.  (*Edna*, *supra*, 197 Cal.App.4th at p. 1316.)

On appeal, the Second District stated:  "Section 1021.5 allows attorney's fees in administrative proceedings."  (*Edna*, *supra*, 197 Cal.App.4th at p. 1315.)  Repeating this point, the court stated that "a party may receive attorney's fees incurred in an administrative hearing."  (*Ibid*.)  The court noted section 1021.5 allowed "an award of fees 'in any action' " and stated:  "The question is whether the administrative proceedings fall within the definition of 'action' as that term is used in the section."  (*Edna*, *supra,* at p. 1318.)  The court determined that a petition for writ of mandate, while classified as a special proceeding in the Code of Civil Procedure, qualified as an "action" within the meaning of section 1021.5.  (*Edna*, *supra,* at p. 1319.)  After describing the purpose of section 1021.5 and stating the plaintiff could not have brought their lawsuit without exhausting administrative remedies, the court concluded that, under the circumstances, a determination that the administrative proceedings *were not part of* the "action" would defeat the purpose of section 1021.5 and could discourage many lawsuits in the public interest.  (*Edna*, *supra,* at p. 1320.)

8.

The court addressed the scope of its decision by stating it was "only deciding that the administrative proceedings *are part of* the 'action' within the meaning of section 1021.5." (*Edna*, *supra,* 197 Cal.App.4th at p. 1320, italics added.) The court also stated it was not deciding "the question whether a party who only participates in an administrative proceeding, and not a court action, is entitled to fees." (*Ibid*.) Based on these explicit limitations, it is clear that the court in *Edna* did not decide the issues presented in this appeal.

In sum, *Edna* established a rule of law about administrative proceedings pursued *in conjunction with a judicial proceeding*. A treatise states that rule of law as follows: "Work performed in administrative proceedings that precede the filing of litigation in California courts is generally compensable if it is intertwined with the ensuing litigation and if it is useful and of the type ordinarily necessary to the court action." (Pearl, *California Attorney Fee Awards*, *supra*, § 13.16, pp. 13-8.1 to 12-8.2.) Similarly, in *Best*, the court concluded that "the term 'action' in section 1021.5 encompasses administrative proceedings which were useful and necessary to the public interest litigation." (*Best*, *supra*, 193 Cal.App.3d at p. 1461.) Applying this definition to the facts before it, the court determined the plaintiff was entitled to attorney fees for services provided during the administrative proceedings before the Coastal Commission because the administrative proceedings were "the first step in the litigation leading to the mandamus proceeding" and "were useful and of a type ordinarily necessary to the public interest litigation." (*Ibid*.) The rule recognized in *Edna* and *Best* does not allow for an award of attorney fees in this case because the administrative proceedings did not precede the filing of a successful lawsuit. Here, the writ proceeding was filed only to contest the denial of attorney fees.

Based on the foregoing case law, we conclude the administrative law judge did not qualify as "a court" within the meaning of section 1021.5 and the administrative proceedings did not constitute an "action" and, moreover, were not part of an "action" as

9.

that term is used in section 1021.5.  Based on this statutory interpretation, we conclude the superior court correctly denied the writ petition.   "In sum, because [appellant] resolved [his] claim at the administrative level and did not have to resort to litigation for vindication, [appellant] was not entitled to fees under section 1021.5."  (*Hospital Systems*, *supra*, 25 Cal.App.4th at p. 1696.)

        C.        <u>Equitable Power to Award Attorney Fees</u>

Appellant refers to the conclusion in *Consumers Lobby* that the Public Utilities Commission "possesses equitable power to award attorney fees under the common fund doctrine in quasi-judicial reparation actions" (*Consumers Lobby*, *supra*, 25 Cal.3d at p. 908) and argues this court should conclude the administrative law judge had the equitable power to award attorney fees.  As described below, we conclude the administrative law judge did not have the equitable power to award attorney fees in the circumstances of this case.

In *Consumer Lobby*, the court referred to three equitable exceptions to the general rule that, absent specific authorization by statute or private agreement, parties must pay their own attorney fees.  (*Consumers Lobby*, *supra*, 25 Cal.3d at p. 906.)  Those exceptions are "known as the common fund, substantial benefit, and private attorney general theories."  (*Ibid.*)

Under the common fund exception, a party is awarded fees because its activities "resulted in the preservation or recovery of a certain or easily calculable sum of money out of which sum or 'fund' the fees are paid."  (*Serrano v. Priest* (1977) 20 Cal.3d 25, 35.)  Here, appellant's administrative proceeding did not create a "fund" and, therefore, we conclude the common fund exception does apply.  (See *Lealao v. Beneficial California, Inc.* (2000) 82 Cal.App.4th 19, 27 [under common fund doctrine, fees awarded are not assessed against the losing party, but come out of the fund established by the litigation; thus, the beneficiaries of the litigation bear the expense].)

10.

The substantial benefit exception is an outgrowth of the common fund exception and it "permits the award of fees when the litigant, *proceeding in a representative capacity*, obtains a decision resulting in the conferral of a 'substantial benefit' of a pecuniary or nonpecuniary nature.  In such circumstance, the court, in the exercise of its equitable discretion, thereupon may decree that under dictates of justice those receiving the benefit should contribute to the costs of its production." (*Serrano v. Priest*, *supra*, 20 Cal.3d at p. 38.)  Stated another way, "when a class action or corporate derivative action results in the conferral of substantial benefits, whether of a pecuniary or nonpecuniary nature, upon the defendant in such an action, that defendant may, in the exercise of the court's equitable discretion, be required to yield some of those benefits in the form of an award of attorneys fees." (*Id*. at p. 34.)  Here, the administrative proceeding was not brought by appellant in a representative capacity and, therefore, the substantial benefit exception does not apply.

Finally, the private attorney general doctrine was codified in 1977 when the Legislature enacted section 1021.5.  (Stats. 1977, ch. 1197, § 1, p. 3979; see *Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 933.)  As a result, the authority to award attorney fees under the private attorney general attorney fee doctrine is governed by the terms of section 1021.5.  As discussed earlier, the phrases "a court may" and "in any action" preclude an award of attorney fees incurred in the administrative proceeding.

Therefore, notwithstanding the equitable factors that favor an award of attorney fees in appellant's administrative proceeding, the three equitable exceptions mentioned in *Consumer Lobby* do not apply.  These equitable factors, which include appellant's difficulty in obtaining a notice of proposed action from Regional Center, should be addressed to the Legislature as we cannot insert the phrase "administrative law judge or" before section 1021.5's phrase "a court may award attorneys' fees " and insert the phrase "or administrative proceeding" after section 1021.5's phrase "in any action." (Code Civ.

Proc., § 1858 [when construing a statute, a judge must not insert was has been omitted or omitted what has been inserted by the Legislature].)

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


                                               FRANSON, J.

WE CONCUR:


HILL, P. J.


SMITH, J.